UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 06-21044-CIV-LENARD/TORRES[1]

**TARGET LOGISTICS SERVICES, INC.**, a Delaware Corp.,

    Plaintiff,

vs.

**ALL SEASONS IMPORTS, INC.**, a Florida Corp.,

    Defendant.

_____/

## ORDER DENYING DEFENDANT'S MOTION TO DISMISS AMENDED COMPLAINT (D.E. 13)

**THIS CAUSE** is before the Court on Defendant's Motion to Dismiss Amended Complaint (D.E. 13), filed June 27, 2006. On July 12, 2006, Plaintiff filed a Response. (D.E. 18.) No Reply was filed. Having reviewed the Motion, Response, and the record, the Court finds as follows.

    **I.**    **Background**

On April 26, 2006, Plaintiff Target Logistics Services, Inc. (TLS) filed its initial Complaint. (D.E. 1.) On June 5, 2006, Defendant timely filed a Motion to Dismiss. (D.E. 9.) On June 16, 2006, Plaintiff filed an Amended Complaint. (D.E. 11.) Therein, Plaintiff alleges an action arising under 49 U.S.C. §§ 13531, 13708 and 14705 for unpaid freight

---

[1] Pursuant to Administrative Order 2006-18 and beginning July 24, 2006, Magistrate Judge Edwin G. Torres has been temporarily paired with Judge Lenard for all new case assignments, all new referrals in existing cases, and all matters previously referred to Magistrate Judge Theodore Klein.

charges in the amount of $87,247.00. (Id. at ¶ 1.) Plaintiff maintains that Defendant All Seasons Imports, Inc. (ASI) was at all material times a consignee of merchandise shipped by TLS and was obligated to pay all freight charges incurred by TLS plus interest. (Id. at ¶¶ 3-4.) Plaintiff alleges that, to this date, no part of the sum owed has been paid by Defendant.

**II.    Defendant's Motion**

In its Motion to Dismiss (D.E. 13), Defendant argues that this action should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction. (Id. at 2.) Defendant maintains that Plaintiff has not alleged a federal question for which the court has jurisdiction, as the provisions cited by Plaintiff do not proved a basis for a civil cause of action. (Id.) Further, Defendant contends that there is a conflict between the amount Plaintiff alleges it is owed and the amount shown due in the multiple documents attached by Plaintiff to the Amended Complaint. (Id. at 3.) Defendant asserts that the exhibits should control in this situation and that the Complaint should be dismissed. (Id. at 2-4.)

In its Response (D.E. 18), Plaintiff argues that it can bring the instant claim in the district court, rather than the Court of Federal Claims pursuant to 49 U.S.C. § 14705, which allegedly provides a basis for federal question jurisdiction. (Id. at 1-2.) Plaintiff avers that it has properly pled the movement of goods between a place in the United States and a place outside the United States and has brought its claims within 18 months of the engendering of the claim, in compliance with the requirements of the Interstate Commerce Act (ICA). (Id.

2

at 2.) Thus, Plaintiff maintains that it has filed a "well pled" Complaint stating a federal question for the Court's determination.(Id. at 3.) Further, Plaintiff contends that the invoices and statements attached to the Amended Complaint conflict with the sum alleged in such Complaint only due to the interest claimed, which will fluctuated throughout the lawsuit. (Id.)

**III.     Analysis**

Attacks on subject matter jurisdiction are brought under Fed. R.Civ. P. 12(b)(1), and can be presented either as a facial attack on the Complaint or as a factual attack. Facial attacks, such as the one attacking subject matter jurisdiction in the instant case, are resolved in the same manner as motions under Fed. R. Civ. P. 12(b)(6). Under Rule 12(b)(6), this Court "may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Shands Teaching Hosp. & Clinics v. Beech Street Corp., 208 F.3d 1308, 1310 (11th Cir. 2000). Dismissal is not appropriate "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Grossman v. Nationsbank, N.A., 225 F.3d 1228, 1231-32 (11th Cir. 2000). This Court must accept as true all facts pleaded in the complaint and must construe them in the light most favorable to Plaintiff. Id. at 1231-32; Shands Teaching, 208 F.3d at 1310. "The threshold sufficiency that a complaint must meet to survive a motion to dismiss is exceedingly low," and under notice pleading permitted by Fed.R.Civ.P.8(a), "the plaintiff need only give the defendant fair notice of the

plaintiff's claim and the grounds upon which it rests." Lotierzo v. Woman's World Medical Ctr. Inc., 278 F.3d 1180, 1183 (11th Cir. 2002); accord Swierkiewicz v. Sorema, N.A., 534 U.S. 506, 512 (2002).

Plaintiff has brought the instant action pursuant to 28 U.S.C. § 1331, which states, "[t]he district court shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." Defendant maintains that Plaintiff has not provided an adequate basis for the Court to find subject matter jurisdiction to adjudicate the case. The Court disagrees.

Title 49 U.S.C. § 14705 of the ICA provides that, "[a] carrier providing transportation or service subject to jurisdiction under chapter 135 must begin a civil action to recover charges for transportation or service provided by the carrier within 18 months after the claim accrues." 28 U.S.C. § 14705(a). This section distinguishes such actions by carriers against private parties from those brought against the United States Government by extending the time limitation to three years for actions brought against the Government. 28 U.S.C. § 14705(f). The plain language of this section clearly envisions a private right of action for carriers providing transportation or service to recover the charges for such services. Other Courts and commentators have found likewise. E.g., Inter-Coastal Xpress, Inc. v. United States, 296 F.3d 1357, 1367 (Fed. Cir. 2002) ("section 14705(a) commands that a carrier 'must begin a civil action to recover charges' within the time period set forth in the statute: 18 months after the claim accrues against private parties...") (emphasis in original); Georgia

4

Truck System v. Interstate Commerce Comm'n, 123 F.2d 210, 212 (5th Cir. 1941) (finding that the ICA is a highly remedial statute and that "its terms are broadly comprehensive enough to bring within them all of those who, no matter what form they use, are in substance engaged in the business of interstate or foreign transportation of property on the public highways for hire..."); 13 C.J.S. Carriers § 496 (May 2006) ("A common carrier may bring a civil action to recover charges for transportation."). Defendant has offered no authority for its conclusory statements that the ICA does not provide an adequate basis for the federal question jurisdiction of this Court.

Moreover, Defendant's assertions that this action should be dismissed due to discrepancies between the amount demanded in the Amended Complaint and the amounts represented in the invoices attached as Exhibit A are without merit. While Defendant has cited case law suggesting that the information contained in the exhibits should control over information alleged in the Complaint whenever such a conflict arises, Defendant has proffered no authority supporting its request for dismissal of the entire Complaint. Indeed, if the Court did choose to rely on the information contained in Exhibit A to the Amended Complaint, Plaintiff would still clearly state a claim for relief. Moreover, given the inherent fluctuations in interest calculations, such discrepancies are to be expected. A determination of actual damages will be made based on the evidence before the Court if and when Plaintiff garners a judgment in its favor, irrespective of the sum demanded in the Amended Complaint. Defendant's arguments for dismissal are thus wholly unfounded.

Accordingly, it is hereby:

**ORDERED AND ADJUDGED** that Defendant's Motion to Dismiss Amended Complaint (D.E. 13), filed June 27, 2006, is hereby **DENIED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, this ___13____ day of October, 2006.

_____
**JOAN A. LENARD**
**UNITED STATES DISTRICT JUDGE**

cc:   U.S. Magistrate Judge Edwin G. Torres

   All Counsel of Record

   **CASE NO. 06-21044-CIV-LENARD/TORRES**
   **ORDER DENYING DEFENDANT'S MOTION TO DISMISS AMENDED COMPLAINT (D.E. 13)**